IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIMBERLY S. FAY, | ) | 8:12CV361 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY, NE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Kimberly S. Fay ("Fay" or "Plaintiff") filed her Complaint in this matter on October 9, 2012. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

The allegations in Fay's Complaint are very difficult to decipher. She has named seven defendants, including four individuals and also the Employee's United Labor Association, the "County Commissioners," and Douglas County, Nebraska. (Filing No. 1 at CM/ECF p. 1.) As best as the court can tell, Fay generally alleges her coworkers subjected her to a hostile-work environment, and her employer and coworkers discriminated against her. The court cannot decipher from the Complaint where Fay was employed, which Defendants discriminated against her, which Defendants harassed her or, more generally, how some Defendants relate at all to her claims. As relief, Fay asks to be "placed in a position as if [she] never lost [her] job," and also to be compensated for her suffering. (Id. at CM/ECF p. 5.)

Fay attached a Dismissal and Notice of Rights document from the Equal Employment Opportunity Commission ("EEOC") to her Complaint. (Id. at CM/ECF

p. 12.) This document reflects that the EEOC mailed the notice of rights to Fay on March 28, 2012.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 70 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. ANALYSIS

Fay may have exceeded the time limit for bringing a discrimination claim under federal law. A claimant's failure to file suit within 90 days of a right-to-sue letter bars his or her right to pursue the claim, absent equitable tolling or exceptional circumstances. See Zipes v. Trans World Airlines, Inc., 455 .U.S. 385, 393-96 (1982).

Here, the Equal Employment Opportunity Commission ("EEOC") mailed Fay a Dismissal and Notice of Rights document regarding her discrimination charge on March 28, 2012. (Filing No. 1 at CM/ECF p. 12.) This Dismissal specifically stated that a "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.* (emphasis in original).) There is a presumption that Fay received this Dismissal three days after it was mailed. *Bell v. B & W Company, Inc.*, No. 8:07-cv-148, 2007 WL 2011234 (D. Neb. July 6, 2007) (applying a presumption that right-to-sue notices were received three days after mailing). Thus, taking this presumption into consideration, Fay received the Dismissal on March 31, 2012. She filed this matter on October 9, 2012, which is 192 days after she received her right-to-sue notice.

Fay does not specifically allege that equitable or exceptional circumstances exist to warrant tolling of the 90-day period. However, the court is able to discern from Fay's Complaint that she paid an attorney $350.00 to file her discrimination case. (Filing No. 1 at CM/ECF p. 1.) Fay does not allege whether this attorney actually filed her case and, if he did not, whether the court should consider his failure to do so equitable or exceptional circumstances. On the court's own motion, Fay will be given 30 days in which to show cause why this case should not be dismissed for failure to file suit within 90 days of receipt of a right-to-sue letter from the EEOC.

In addition, Fay's Complaint fails to comply with the general rules of pleading set forth in Federal Rule of Civil Procedure 8. Rule 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). In addition, a complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Here, even liberally construed, the court cannot determine with any certainty where Fay was employed, which Defendants discriminated against her or, more generally, how some Defendants relate at all to her claims. On the court's own

motion, the court will give Fay 30 days in which to amend her Complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that:

1. Fay shall have 30 days in which to file an amended complaint. The amended complaint must (1) clearly set forth a short and plain statement of the claims against each Defendant; (2) set forth each legal theory and how it relates to each Defendant; and (3) show cause why this case should not be dismissed for her failure to file suit within 90 days of her receipt of a right-to-sue letter from the EEOC.

2. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

3. The clerk's office is directed to set a pro se case management deadline using the following text: **December 31, 2012**: Check for amended complaint, and dismiss if none filed.

DATED this 30th day of November, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.